UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **MARIA IBARRA, and all others similarly situated under 29 U.S.C. 216(B)** | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No: _____ |
| **REDSTONE LLP d/b/a SWIRL BAKERY** and **CHRIS NORWOOD,** | § § § § | |
| Defendants. | § | |

## COMPLAINT UNDER 29 U.S.C. 201- 216 OVERTIME WAGE VIOLATIONS

Plaintiff, **MARIA IBARRA**, on behalf of herself and all others similarly situated under 29 U.S.C. 216(b), through undersigned counsel, files this Federal Complaint Under 29 U.S.C. 201-206 Overtime Wage Violations against Defendants **REDSTONE LLP d/b/a SWIRL BAKERY** and **CHRIS NORWOOD** (collectively, "Defendants") and alleges:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiff **MARIA IBARRA** is and was a resident of Denton County, Texas at the time that this dispute arose.

3. The Defendant, **REDSTONE LLP d/b/a SWIRL BAKERY** ("Defendant Redstone"), is a corporate entity that regularly transacts business within Denton County, **and may be served at 3634 Long Prairie Rd, Suite 100, Flower Mound, Texas 75022 through its president and officer, Chris Norwood,** or wherever found or as allowed by law.  Further, upon information and belief, Defendant Redstone was and is an FLSA employer of Plaintiff for

Plaintiff's respective period of employment ("the relevant time period").  Defendant Redstone is a resident of the State of Texas and resides in Denton County.

4.     The individual Defendant, **CHRIS NORWOORD** ("Defendant Norwood"), is an officer, owner, and/or manager of Defendant Redstone's bakery, who runs and has authority to run the day-to-day operations of Defendant Redstone for the relevant time period and was responsible for and had authority over the payment and terms of Plaintiff's wages for the relevant time period and controlled Plaintiff's work, wages, and schedule and/or acted in the interest of Defendant Redstone such that he was therefore one of Plaintiff's FLSA employers as defined by 29 U.S.C. 203 during the relevant time period.  Defendant Norwood is a resident of the State of Texas and resides in Denton County.

5.     This case is properly venued in the Eastern District of Texas, Sherman Division as Defendants regularly transact business in this District and Division and a substantial part of the relevant acts or omissions giving rise to this dispute took place in the Eastern District of Texas and Sherman Division.

### COUNT I.  FEDERAL OVERTIME WAGE VIOLATION

6.     This action arises under the laws of the United States.  This case is brought as a collective action under 29 USC 216(B).  It is believed that the Defendants have employed several other similarly situated employees like the Plaintiff who have not been paid overtime wages for work performed in excess of 40 hours weekly from the filing of this Complaint back three years.

7.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

8. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate..."

9. Plaintiff, MARIA IBARRA, has and does work for Defendant as bakery worker and has been employed and worked as bakery worker from on or about July 2013 to present (the "relevant time period").

10. Defendants' business activities involve those to which the Fair Labor Standards Act applies.  Both the Defendants' business and the Plaintiff's work for the Defendants affected interstate commerce for the relevant time period.  Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to them by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same.  Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while they worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants.

11. Upon information and belief, the Defendants had gross sales or business done in excess of $500,000 annually for the years and 2017.

12. Upon information and belief, the Defendants had gross sales or business done in excess of $500,000 annually for the years and 2018.

13. Upon information and belief, the Defendants had gross sales or business done in excess of $500,000 annually for the years and 2019.

14. Upon information and belief, the Defendants are expected to have gross sales or business done in excess of $500,000 annually for the year 2020.

15. Furthermore, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered under the Fair Labor Standards Act.

16. From on or about July 2013 to present, Plaintiff MARIA IBARRA, was employed by Defendants as a bakery worker and Plaintiff worked an average of approximately 50 to 90 hours per week and was paid an average of $9.75 to $13.00 per hour worked with only straight time paid, but Plaintiff was never paid the extra halftime overtime rate for hours worked above 40 hours in a week as required by the Fair Labor Standards Act.  Plaintiff therefore claims the half time overtime rate for each overtime hour worked above 40 hours in a work week.  Defendants also failed to pay Plaintiff for all of her hours worked in each work week, causing several hours beyond the 40 hours not to be paid at all, neither the regular wage or the overtime premium for these unpaid hours worked.  Plaintiff further claims these unpaid hours, both regular on overtime premium for these overtime hours that were unpaid.

17. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Furthermore, upon information and belief, Defendants knowing underreported hours worked by Plaintiff.  Defendants remain owing Plaintiff these wages from the commencement of Plaintiff's employment for the time period specified above.

18. Wherefore, the Plaintiff requests double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to

be proven at the time of trial for all overtime wages still owing from Plaintiff's employment period with Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances.

### COUNT II.  BREACH OF CONTRACT

19. Plaintiff re-alleges all prior paragraphs as if restated in full herein.

20. Plaintiff also asserts a claim for breach of contract.  Plaintiff had an oral agreement with Defendants for the payment of wages for each hour worked by Plaintiff for Defendants. Defendants willfully and intentionally "shorted" Plaintiff on her paycheck and hour worked—that is that Defendants willfully failed to pay Plaintiff for each hour worked by Plaintiff for Defendants during the relevant time period.  Defendants are liable to Plaintiff for such unpaid hours and breach of the agreement to pay Plaintiff for all hours worked at her agreed rate of pay.

21. Defendants' failure to pay Plaintiff for all hours worked constitutes a breach of contract under Texas law and has cause damage to Plaintiff.  Plaintiff is entitled to payment of these unpaid hours worked by Plaintiff.  Plaintiff has had to retain counsel to prosecute her claim for breach of contract and is entitled to reasonable and necessary attorney fees under Texas Civil Practice and Remedies Code Chapter 18.001 *et seq.* because this suit is for breach of an oral contract.

22. Plaintiff requests attorney fees and cost in this matter.

23. **Plaintiff requests a trial by jury.**

### PRAYER

24. Plaintiff respectfully request that judgment be entered against Defendants and that the court award all statutory, common law and equitable remedies to which Plaintiff is entitled including, but not limited to the following:

a. Compensation for all hours worked;

b. Overtime compensation for all unpaid hours worked in excess of 40 at the rate of one and one half times her regular rate;

c. An equal amount as liquidated damages as allowed under the FLSA;

d. Reasonable attorney's fees, costs, and expenses of this action as provided by the FLSA and Texas Civil Practice & Remedies Code;

e. Pre-judgment and post judgment interest at the highest rates allowed by the law; and

f. Such other just and equitable relief to which Plaintiff may be entitled.

**Respectfully submitted,**

 */s/ Thomas J. Urquidez*
Thomas J. Urquidez
State Bar No. 24052001
**URQUIDEZ LAW FIRM, LLC**
5440 Harvest Hill, Suite 234
Dallas, Texas 75230
Phone: 214-420-3366
Fax:    214-206-9802
E-mail:  tom@tru-legal.com

**ATTORNEY FOR PLAINTIFF**
**MARIA IBARRA**